ELMER W. GRAY and another *vs.* JACOB BARGE.

December 16, 1891.

Agency to Collect and Apply Money — Modification of Contract.—
The defendant was, by an instrument in writing, authorized by the owner of real property to collect rents and make a certain disposition thereof. Subsequently he accepted an order drawn by such owner directing him to pay a specified portion of the accruing rents to the payee therein. *Held* a modification of the original agreement, and binding upon the defendant, though he might otherwise have been entitled to apply such rent to the satisfaction of claims held by him.

Action brought in the municipal court of Minneapolis, by plaintiffs as assignees of the order recited in the opinion. Defendant ap-

peals from an order refusing a new trial, after a trial by the court and judgment ordered for plaintiffs.

*Christensen & Tuttle,* for appellant.

*Gray & Pulliam,* for respondents.

VANDERBURGH, J.[1] This action was tried by the court, and the findings disclose the following facts: The Newberts owned a tenement upon leased ground in the city of Minneapolis, and on the 12th day of April, 1890, by an instrument in writing, appointed defendant their agent to lease the building and collect the rents; and directing him, out of the proceeds of the rent, first to pay the ground-rent, taxes, and interest due upon the premises, and to pay over the balance to the Newberts, on demand. On the 21st day of April following, the Newberts made and delivered to one Fitzgerald the order described in the complaint, and he on the same day presented it to Barge, who indorsed his acceptance thereon, as follows: "This is hereby consented to by me. JACOB BARGE." The order so accepted was afterwards assigned to plaintiffs, and reads as follows:

"Minneapolis, Apr. 21, 1890.

"Jacob Barge, Esq.:

"Please pay J. W. Fitzgerald or order, out of the moneys you may collect for us, for rent of No. 628 Hennepin avenue, Minneapolis, Minn., the sum of one hundred and fifty-seven dollars and fifty-six cents, ($157.56,) payable in instalments of forty dollars per month each month from and after the property is rented.

"AUGUSTA NEWBERT. H. H. NEWBERT."

At the date of the acceptance the first agreement was still executory. No rents had yet been collected; and, so far as the pleadings or findings show, defendant had acquired no interest in the rent, and there had been no assignment or actual appropriation thereof; and the order cannot be construed as limited to the surplus over the ground-rent and taxes. It is suggested that there is evidence tending to show that Barge claimed that the ground-rent was payable to him. But we are confined to the findings of fact of the

[1] Gilfillan, C. J., was absent, and took no part in this case.

court upon the evidence, and these are not complained of. It was entirely competent for the parties to modify the agreement as to the disposition to be made of the rents, so that the whole or a portion thereof should be applied to the payment of the order to the extent of $40 per month, as they did do. The property was afterwards rented at $70 per month, and the order thereupon became payable according to its terms. The findings of fact justified the legal conclusions of the court, and we discover no error in the rulings of the court on the trial.

Order affirmed.